UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORYANA ANTOINE ROYAL,

            Plaintiff,

                          Case No. 18-CV-13640

vs.

                          HON. GEORGE CARAM STEEH
                          MAG. JUDGE DAVID R. GRAND

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 16]

      Plaintiff Toryana Antoine Royal challenges defendant Commissioner

of Social Security's denial of his application for Supplemental Security

Income ("SSI") and Disability Insurance Benefits ("DIB").  Before the court

are cross motions for summary judgment, which were referred to the

magistrate judge for a report and recommendation.  On December 16,

2019, Magistrate Judge Grand issued a report and recommendation

("R&R) that defendant's motion for summary judgment be granted,

plaintiff's motion for summary judgment be denied, and the ALJ's decision

be affirmed.  The court has reviewed the file, record, and magistrate

judge's R&R.  Plaintiff filed timely objections to the R&R and defendant filed

a response to plaintiff's objections, both of which this court has duly considered. For the reasons set forth below, the court accepts and adopts the magistrate judge's report.

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## ANALYSIS

Plaintiff raises two objections to the R&R. The first objection is that

the magistrate incorrectly found that Dr. Edmond's opinion would not have affected the outcome of his claim.  Plaintiff's second objection is that substantial evidence does not support the ALJ's dismissal of Dr. Edmond's opinion.

I.    Objection No. 1

The consultative examiner, Dr. Elizabeth Edmond, opined that plaintiff "cannot depend on his left upper extremity on a continued type basis because of the pathology as relates to his left shoulder."  Plaintiff argues that the magistrate judge failed to give proper consideration and weight to Dr. Edmond's opinion, and that doing so would require a finding of disability.

The ALJ included the following limitations in plaintiff's RFC: (1) "cannot do overhead reaching"; (2) "can occasionally do pushing and pulling"; and (3) can frequently "handle and finger."  The magistrate judge found that those limitations were not inconsistent with Dr. Edmond's opinion.   The vocation expert ("VE") based his opinion on the precise limitations contained in plaintiff's RFC when he testified that plaintiff was not prevented from doing the jobs that the ALJ listed at step five (Tr. 61-63).   While plaintiff points to the VE's testimony that an overall limitation to

only occasional use of the left arm would precluded work, Dr. Edmond did not state this opinion, nor did the ALJ include this restriction in the RFC. Again, the RFC found by the ALJ states that plaintiff can do some activities with his upper left extremity on more than an occasional basis, including that plaintiff can "frequently handle and finger".

The VE opined that there were jobs that could be performed by someone who could "occasionally push and pull with the left upper extremity", with "no overhead reaching with the left upper extremity", and who could "frequently handle and finger with the left upper extremity." (Tr. p. 61). The VE testified there were several jobs for such limitations at the light and sedentary levels. (Tr. pp. 62-65). When asked whether jobs exist for someone who could only occasionally use the left upper extremity, clarifying that this meant occasionally handling and fingering with the left upper extremity, the VE opined that no jobs exist at either the light or sedentary exertional level. (Tr. p. 66).

Contrary to plaintiff's objection, the magistrate judge did not acknowledge that the VE's testimony regarding occasional use of the left upper extremity was that such a limitation would preclude all of the jobs he had identified because they required frequent use of both extremities.

When the magistrate judge referred to this argument, he was restating plaintiff's assertion but not agreeing with same.

The court finds that plaintiff's objection is unavailing.

II.    Objection No. 2

Plaintiff's second objection is that the magistrate judge incorrectly construed his substantial evidence argument as a cherry picking argument, when he actually argued that the ALJ mischaracterized the evidence. "Significant mischaracterizations of the record, or the failure to reconcile significant competing evidence against that which the ALJ finds to guide her decision, can warrant remand."  *Roberts v. Colvin*, No. 13-14675, 2015 WL 181658 at *9 (E.D. Mich. 2015) (citing *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 499-500 (6th Cir. 2012)).

Plaintiff refers to his five abnormal range of motion findings, stating that they were all either mischaracterized or ignored by the ALJ.  For example, Dr. Edmond noted that plaintiff had "difficulty" with tasks that the ALJ noted he could perform.  Dr. Edmond's notation that plaintiff had "upper motor neuron pathology" was ignored by the ALJ and magistrate judge.  Finally, the ALJ failed to acknowledge that plaintiff's grip strength in the left upper extremity was reduced according to Dr. Edmond.

The court's review of the record supports a finding that the magistrate judge conducted a fair review of the ALJ's analysis of the evidence, including the opinions of Dr. Edmond. The alleged mischaracterizations pointed out by plaintiff amount to differences in the weight of the evidence rather than incorrect characterizations. For example, Dr. Edmond's examination of plaintiff noted "120 degrees of abduction and forward elevation of the left shoulder" (Tr. 16, supported at Tr. 597). Plaintiff's argument is not that the evidence is incorrect, but that the ALJ failed to describe these ranges as abnormal or mention other irregular shoulder range of motion findings in the decision.

Plaintiff also challenged the ALJ's reliance on Dr. Edmond's findings concerning the range of motion of his hands and fingers and his ability to do some manipulative activities like opening a jar and buttoning clothing. Plaintiff argued these findings were irrelevant to his ability to lift and/or carry 10 pounds frequently, but he did not maintain that the ALJ had mischaracterized them. Doc. 12, at 13.

Finally, plaintiff criticizes the ALJ for ignoring some of Dr. Edmond's findings. Again, this is not a mischaracterization or misinterpretation argument.

The court finds that the magistrate judge fairly considered the medical evidence and Dr. Edmond's opinions in concluding that the RFC adopted by the ALJ was supported by substantial evidence.

The court finds plaintiff's second objection to be unavailing.

## CONCLUSION

IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's R&R [ECF No. 16].

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment [ECF No. 14] is GRANTED, plaintiff's motion for summary judgment [ECF No. 12] is DENIED, and plaintiff's objections [ECF No. 17] are OVERRULED.

Dated: January 22, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 22, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk